UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

RAYMOND WHITNEY,                  )
                                  )
            Plaintiff,            )
                                  )
      v.                          )      C.A. No. 05-40078-FDS
                                  )
MR. VASQUEZ, D-A;                 )
MR. RICHARD RICARDINO,            )
                                  )
            Defendants.           )

MEMORANDUM AND ORDER

For the reasons set forth below, the Court (1) orders that
this action be dismissed without prejudice; and (2) denies as
moot the plaintiff's application to proceed in forma pauperis.

BACKGROUND

On May 19, 2005, the Clerk's office opened this action,
Whitney v. Vasquez, C.A. No. 05-40078-FDS.  A brief overview of
Whitney's filings with this Court is helpful to understanding the
nature of the present case.

I.    Whitney v. Flynn, C.A. No. 04-40094-FDS (D. Mass.)

On June 7, 2004, Raymond Whitney, then and now incarcerated
at the Worcester House of Correction, filed in this Court a
petition for habeas relief pursuant to 28 U.S.C. § 2254.  See
Whitney v. Flynn, C.A. No. 04-40094-FDS (D. Mass.).  In his
petition, Whitney alleged, inter alia, that he had been denied
effective assistance of counsel in regards to his March 29, 2004
conviction in the Fitchburg District Court for trespassing and
for breaking and entering with the intent to commit a

misdemeanor.  On September 1, 2004, this Court issued an order

dismissing Whitney's § 2254 petition on the ground that Whitney

had failed to exhaust his state court remedies.  It is possible

that Whitney never received a copy of this order.  The Clerk's

office mailed the order to Whitney at the Worcester House of

Correction, but the mail was returned to the Clerk as

undeliverable because Whitney had been released.  The Clerk did

not have another address for Whitney.

At some point in or before January 2005, Whitney was

incarcerated again in the Worcester House of Correction.  On

January 25 and February 1, 2005, Whitney filed two documents with

the Court in which Whitney alleged that an official at the

Worcester House of Correction was mistreating Whitney.  These two

documents were docketed as letters or non-motions in Whitney v.

Flynn.  The docket of Whitney v. Flynn does not indicate that the

Court or the Clerk's office took any action on these letters.

II.  The Present Action:
     Whitney v. Vasquez, C.A. No. 05-40078-FDS

As early as March 2005, Whitney attempted to commence a new

action in this Court.  On at least two occasions, the Clerk's

office recognized that the Whitney's documents could not be

construed as a complaint, and returned the documents to Whitney

with instructions on how to draft a complaint.  On May 19, 2005,

the Clerk's office received a document that could be construed

liberally as a complaint, and the Clerk's office opened the

present case.   In his present complaint, Whitney represents that

he was wrongfully tried and convicted of assault and battery in

early 2005 in the Fitchburg District Court (case number

0416CR001561).   The plaintiff names as defendants a

"Mr. Vasquez," the assistant district attorney who prosecuted

Whitney, and Judge Richard Ricardino, who presided over Whitney's

criminal trial.   Whitney alleges that the conduct of Vasquez and

Ricardino resulted in an "illegal" trial.   Compl. at 1.

Whitney requests that "this committee's [sic] assist me in

reprimanding and or sanctioning" the conduct of the defendants.

Id.   Whitney also seeks copies of certain "paper work from the

courts."   Id. at 2.   Whitney does not explicitly request monetary

damages or release from the Worcester House of Correction.   On a

civil cover sheet and a financial affidavit, Whitney indicates

that his action is a petition for habeas relief.

### DISCUSSION

The Court recognizes that pro se complaints must be

liberally construed.   See Haines v. Kerner, 404 U.S. 519, 520-21

(1972).   Because of the ambiguous nature of Whitney's pleadings,

the Court will consider whether Whitney has sufficiently alleged

that he is entitled habeas relief under 28 U.S.C.§ 2254 or to

monetary damages in an action under 42 U.S.C. § 1983.[1]   As

---

[1]Section 1983 is the vehicle by which a litigant may seek
damages for violations of federal constitutional rights by state
actors.   The statute provides that any "person," acting under the
color of state law, who "subjects, or causes to be subjected, any

explained below, neither one of these remedies is presently available to Whitney under the alleged facts.

I.    Action for Habeas Relief

    A.    The Court's Authority to Screen the Action

    To the extent that Whitney seeks to challenge his conviction, he must first petition the state courts for relief. The only avenue available in this Court to challenge his conviction is through a petition for a writ of habeas relief under 28 U.S.C. § 2254.  See 28 U.S.C. § 2254; Preiser v. Rodriguez, 411 U.S. 475, 489-90 (1973).  Under Rule 4(b) of the Rules Governing Habeas Corpus Proceedings Under Section 2254, the Court is required to examine a petition, and if it "plainly appears from the face of the motion. . . that the movant is not entitled to relief in the district court," the Court "shall make an order for its summary dismissal."  Rule 4(b); McFarland v. Scott, 512 U.S. 849, 856 (1994) (habeas petition may be dismissed if it appears to be legally insufficient on its face).

    B.    Whitney Is not Entitled to Habeas Relief

    Section 2254 explicitly states that petitioners must exhaust available state court remedies before bringing in the federal court a petition challenging a state court conviction.  28 U.S.C. § 2254(b)(1)(A); see also Breard v. Greene, 523 U.S. 371, 375

citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured."  42 U.S.C. § 1983.

(1998) ("It is the rule in this country that assertions of error in criminal proceedings must first be raised in state court in order to form the basis for relief in habeas."). Thus, Whitney must look to the state courts for relief from his "illegal trial" before challenging his conviction in the federal district court.[2]

Here, there is no suggestion that Whitney has exhausted his state court appellate and habeas remedies. Further, the fact that Whitney challenges a conviction that occurred less than five months ago confirms that Whitney has not met the state court exhaustion requirement of § 2254(b)(1)(A).[3] Thus, to the extent that Whitney's action is one for habeas relief, the Court orders that the action be dismissed without prejudice.

_____

[2]Under Massachusetts law, a notice of appeal in a criminal case must be filed with the trial court "within thirty days after entry of the judgment or order appealed from ; ... or the imposition of the sentence." Mass. R. App. P. 3(b). Upon a showing of excusable neglect, the trial court may enlarge the time for filing notice of appeal up to sixty days after verdict, finding of guilt, or imposition of sentence. Mass. R. App. P. 3(c). An appellate court "for good cause shown" may extend the time to file a notice of appeal to one year from verdict, finding of guilt, or imposition of sentence. Mass. R. App. P. 14(b).

Whitney has a "clear constitutional right to the assistance of counsel in [an] appeal" of a criminal conviction. Commonwealth v. Frank, 425 Mass. 182, 184 (1997).

[3]The requirement that a § 2254 petitioner must exhaust his or her state remedies does not apply where "(i) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 28(b)(1)(B). Whitney has not, however, alleged any facts suggesting that these exceptions apply to his situation.

II.   <u>Action for Monetary Damages under 42 U.S.C. § 1983</u>

A.   <u>The Court's Authority to Screen the Action</u>

Under 28 U.S.C. § 1915A, the Court is required to screen a complaint filed by prisoner in which the prisoner seeks redress from a governmental entity or officers or employees of a governmental entity.  28 U.S.C. § 1915A(a).  Section 1915A authorizes federal courts to dismiss actions in which a plaintiff seeks to proceed without prepayment of fees if the action lacks an arguable basis either in law or in fact, <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989) (interpreting former 28 U.S.C. § 1915(d)), or if the action fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.  <u>See</u> 28 U.S.C. § 1915A(b).  Complaints may be dismissed <u>sua sponte</u> and without notice under § 1915A if the claim is based on an indisputably meritless legal theory or factual allegations that are clearly baseless.  <u>Id.</u>; <u>Denton v. Hernandez</u>, 504 U.S. 25, 32-33 (1992) (interpreting former § 1915(d)).  Although "dismissal on the court's own initiative, without affording the plaintiff either notice or an opportunity to be heard ... is disfavored in federal practice," "[i]f it is crystal clear that the plaintiff cannot prevail and that amending the complaint would be futile," then a dismissal <u>sua sponte</u> is appropriate.  <u>Gonzalez-Gonzalez v. United States</u>, 257 F.3d 31, 36-37 (1st Cir. 2001).

6

B.    Whitney Is Not Entitled to Monetary Damages

To the extent that Whitney seeks monetary damages on the
ground that the defendants violated Whitney's constitutional
rights, his claims in this Court fail.  First, such claims would
be barred by the so-called "favorable termination" rule of Heck
v. Humphrey, 512 U.S. 477 (1994).  In Heck, the Supreme Court
held that a litigant seeking to recover damages for an "allegedly
unconstitutional conviction or imprisonment, or for other harm
caused by actions whose unlawfulness would render a conviction or
sentence invalid," must prove that a judicial challenge to the
conviction or imprisonment has been terminated in favor of the
litigant.  Id. at 486-87.  Here, Whitney alleges that the conduct
of Vasquez and Judge Ricardino resulted in an "illegal trial."
If, indeed, Whitney's trial was "illegal," the defendants'
alleged misconduct would "render a conviction or sentence
invalid."  Id.  Thus, Whitney cannot seek damages for the
"illegal trial" because he has not alleged that a judicial
challenge to his 2005 conviction has been terminated in his
favor.  See id.

Second, even if Whitney's recent conviction had been
reversed and the "favorable termination" rule of Heck did not bar
Whitney's claim, the claims against Judge Ricardino would fail
because Judge Ricardino is absolutely immune "from liability for
damages for acts committed within [his] judicial jurisdiction."

<u>Preiser v. Ray</u>, 386 U.S. 547, 554 (1967).[4]

III. <u>Motion to Proceed Without Prepayment of the Filing Fee</u>

Whitney also filed an application to proceed without prepayment of the filing fee. He did not, however, submit the required six-month prison account statement. <u>See</u> 28 U.S.C. § 1915(a)(2) Because the Court finds that Whitney may not challenge his "illegal trial" in a federal district court at this time, the Court denies as moot Whitney's application to proceed without prepayment of the filing fee.

CONCLUSION

Accordingly, the Court (1) orders that this action be dismissed without prejudice; and (2) denies as moot the plaintiff's application to proceed <u>in forma pauperis</u>.

6·17·05
_____
DATE

_____
UNITED STATES DISTRICT JUDGE

_____

[4]Similarly, "a state prosecuting attorney who acted within the scope of his duties in initiating and pursuing a criminal prosecution" is immune from claims that the prosecution violated the constitutional rights of the criminal defendant. <u>Kalina v. Fletcher</u>, 522 U.S. 118, 124 (1997) (quoting <u>Imbler v. Pachtman</u>, 424 U.S. 409, 410 (1976)). It is unclear, however, whether Whitney challenges Vasquez's decision to prosecute Whitney or Vasquez's purported failure to inform the Court of the familial relationship between Whitney's alleged victim and an employee of the Fitchburg District Court.